IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ARTURO SINGER, § | |
| PLAINTIFF, § | |
| § | |
| V. § | CIVIL CASE NO. 3:18-CV-2937-M-BK |
| § | |
| ABIYAH BALZORAH EL, § | |
| DEFENDANT. § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was automatically referred to the United States Magistrate Judge for pretrial management, including a recommended disposition. Upon review of the relevant pleadings and applicable law, this case should be **REMANDED** *sua sponte* for lack of jurisdiction.

### I.   BACKGROUND

On November 5, 2018, Defendant Abiyah Balzorah El, a self-proclaimed member of the Moorish National Republic, filed a pro se *Notice of Removal* from state eviction action pending in Dallas County Justice Court, Cause No. JE1802653E. Doc. 3 at 1. With his *Memorandum to Waive all Municipal Court Document Fees*, Balzorah El includes a copy of a *Petition for Eviction* filed against Billy Bardwell, in Justice Court Precinct 2, Place 2, on October 16, 2018. Doc. 7 at 5. Balzorah El asserts that a "[s]uit upon possession of premises was filed against [him] based on allegations that [he] failed to vacate post foreclosure." Doc. 3 at 1. He maintains that removal is proper because "plaintiff's suit involves a federal question" which stems from Plaintiff purportedly "confess[ing] to violating A/RES/61/295, 12 USC §§ 29, 15.1692, 1692e, 18.241, 18.242, 18.371, 18.1001, 18.1341, 18.1962, 18.2314, 18.2315, 48.1451& 48.1452."

Doc. 3 at 1-2.  Balzorah El avers that that "[t]here are no other defendants in this instant case because Billy Bardwell is deceased" and that "[a]ll opposing parties have broken the law and have unclean hands and the trial Court has refused [his] asserted rights."  Doc. 3 at 1-2.

On November 16, 2018, Balzorah El filed an *Emergency Motion for Restraining Order from Being Evicted from My Home Located at 1034 N Buckner Blvd, Dallas, Texas 75218*, which the Court denied.  Doc. 10; Doc. 12.  Contemporaneously, the undersigned issued a deficiency order, which required him to file a Notice of Removal that sets out the basis for removal and this Court's jurisdiction, with a copy of the State court docket sheet and all State court pleadings.  The deadline for Balzorah El's response was December 7, 2018.  As of the date of this recommendation, Balzorah El has not responded to the Court's order, nor has he sought an extension of time to do so.  However, on November 19, 2018, he filed a pleading titled *Writ of Mandamus*, seeking to compel "William Metzger, to honor Subject Matter Jurisdiction and Void the Default Judgment and Writ of possession."  Doc. 13 at 3.

Because subject matter jurisdiction is lacking, this action should be remanded *sua sponte*.

## II.   ANALYSIS

The Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction.  *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001).  A defendant may remove a state court action if the action is one that could have originally been filed in federal court.  See 28 U.S.C. § 1441(a).  Unless otherwise provided by statute, federal court jurisdiction requires (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) complete diversity of citizenship between adverse parties and at least $75,000 in controversy, *see* 28 U.S.C. § 1332.  In addition, the removing party bears the burden of establishing jurisdiction.

*Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001).  Moreover, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.,* 706 F.2d 633, 636 & n.2 (5th Cir. 1983)).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The Court liberally construes the notice of removal with all possible deference due a *pro se* litigant.  See *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").  Even under this most liberal construction, however, the *Notice of Removal* fails to allege facts that could be construed to establish federal question or diversity jurisdiction.

Here, the *Notice of Removal* does not contain any factual allegations to support federal question or diversity jurisdiction.  "Under the well-pleaded complaint rule, 'a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint.'"  *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008) (quoting *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 550 (5th Cir. 2008)); *see also PCI Transp., Inc. v. Fort Worth & Western R. Co*., 418 F.3d 535, 543 (5th Cir. 2005) (same).  To the extent Balzorah El asserted any defensive federal claims in the state court action or removed the state court action in an attempt to assert such claims, they are insufficient to support subject matter jurisdiction.  It is well settled that "a case may *not* be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc. v.*

*Williams*, 482 U.S. 386, 393 (1987) (emphasis in original); *see also Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) ("A defense that raises a federal question is inadequate to confer federal jurisdiction."). Additionally, as a Texas resident, Balzorah El shares the same state of citizenship as the Plaintiff named in the state petition. Doc. 5 at 2; Doc. 7 at 5. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (district court cannot exercise diversity jurisdiction if the plaintiff shares the same state of citizenship as any one of the defendants).

Because Balzorah El has not met his burden of establishing subject matter jurisdiction, this action should be remanded to state court.

### III. CONCLUSION

For the foregoing reasons, this action should be **REMANDED** *sua sponte* to the Dallas County Justice Court, Precinct 2, Place 2, the court from which it was removed.

The Clerk of the Court is directed to effectuate the remand in accordance with the usual procedure.

**SO RECOMMENDED** January 7, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).